### RAWLE vs. FENNESSEY.

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. The 1207th article of the new code provides, " that if in the interval between the opening of the succession, and the appointment of the curator, there are any conservatory acts to be performed or suits to be instituted, the delay of which may injure the

The counsel for the absent heirs needs not any specific authority to institute a suit, under the 1207th article of the *Civil Code.*

succession, the counsel for the absent heirs shall be authorised to perform such acts or institute such suits before any court, on proving his appointment by the certificate thereof under the seal of the court which has appointed him."

The construction given by the judge *a quo* to this article has produced the present appeal.

The plaintiff states himself attorney for the absent heirs of a succession, avers that a sum is due it by the defendant, and that further delay in collecting it might endanger the loss of the debt.

The defendant pleaded various exceptions; none of them require particular notice except the 4th and 7th, which state, that the suit should have been brought in the name of the curator of the vacant estate, and that the plaintiff had not prayed and obtained leave to institute and maintain this action as counsel for the absent heirs.

The judge *a quo* considered this objection as fatal, and dismissed the suit. In the opinion delivered, he has not stated the reasons for coming to this conclusion. We have considered the subject attentively and are un-

able to agree with him. The phraseology
of the article is not clear and explicit, it is
therefore the duty of the court to seek for the
meaning of the legislature in the motives
which we must suppose produced the enact-
ment, and to give that construction which
will best promote the remedy intended to be
conferred.

The reasons which we must suppose in-
fluenced the legislature, were the necessity of
the attorney for the absent heirs, or some
other person, acting in cases where delay
might occasion a loss to the succession. By
compelling them to produce the proof and
obtain an authorization for each particular
suit, the conservatory objects contemplated
by the remedy given, would in many instan-
ces be defeated. Nor would the defendant
be in any respect that we can discover, pro-
tected or benefited, by requiring this forma-
lity to precede the suit ; for if justice be his
object, it is better he should meet the plaintiff
at once in the principal suit, on the grounds
on which he asserts a right to sue, than be
obliged to contest an authority which has al-
ready been sanctioned by the court.

We understand the expressions " he shall

be authorised to sue," equivalent to, he shall have the power to sue. The language used in the article is, *verbatim*, that used in the 31st section of the act in relation to insolvent debtors : and we are not aware that a special authorisation has been held necessary for the syndics to release the mortgages existing on the property of the ceding debtor. *Acts of* 1817, *sect.* 31.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the case be remanded to be proceeded in according to law, and that the appellee pay the costs of the appeal.

*I. L. Baker & J. Baker* for the plaintiff, *Markham & Fennessey in propria persona* for the defendant.